**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-125



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2025

State of Vermont v. Mitchell Maldonado, Jr.\*     }     APPEALED FROM:
                                                  }
                                                  }     Superior Court, Bennington Unit,
                                                  }     Criminal Division
                                                  }     CASE NO. 21-CR-03948
                                                        Trial Judge: Kerry Ann McDonald-Cady

In the above-entitled cause, the Clerk will enter:

Defendant Mitchell Maldonado, Jr., appeals the trial court's denial of his motion for a new trial.  We affirm.

Defendant was charged with burglary into an occupied dwelling and simple assault based on allegations that he went to the apartment of the victim, Joseph Hewson, kicked in the door, and repeatedly punched the victim in front of the victim's girlfriend and their one-year-old child.

At trial, the State presented a video recording that showed a man kicking in the door of the apartment while a male neighbor and another individual stood nearby.  The male neighbor identified the person kicking the door as defendant.  A second neighbor testified that she heard a commotion and heard a child "scream bloody murder."  She went outside her apartment and saw defendant and another person leave the victim's apartment.

The victim's girlfriend testified that on the night in question, she was sitting on the couch in the victim's apartment and her daughter was near the door.  Defendant kicked in the door, which hit the child.  Defendant then "socked [the victim] down on the ground, started punching him on the head."  Defendant hit the victim three or four times, leaving him "pretty bloody."  Another person pulled defendant off the victim and defendant exited the apartment.

The victim testified that he had an argument earlier that day with a neighbor, who "called [defendant] in."  The neighbor's daughter knocked on the victim's door and told him to come out because they were going to fight.  Defendant then kicked in the door and punched the victim in the head five or six times.

Defendant did not present any testimony or evidence.  He moved for judgment of acquittal on the ground that there was insufficient evidence for the jury to find that he was the

person who kicked the door open. The court denied the motion. The jury found defendant guilty of both charges.

Defendant filed a post-trial motion for judgment of acquittal or new trial, repeating his claim that there was insufficient evidence to establish that he was the person who kicked the door. While that motion was pending, defendant filed a supplemental memorandum claiming that a new trial was necessary because the victim had recently recanted his trial testimony in a written statement. That statement, entitled "Motion to Dismiss" and signed by the victim and a corrections officer, was subsequently filed with the court. It asserted that the victim was pressured and paid $40 by the State to lie on the stand, that none of what he said was true, and that he was under the influence of heroin when he testified.

Following a hearing in November 2023, the court denied defendant's first motion for judgment of acquittal or a new trial, concluding that the evidence presented by the State was sufficient to support the jury's verdict. It granted defendant additional time to file a separate motion for a new trial based on the victim's alleged statement.

Defendant filed his second motion for a new trial in December 2023. He argued that the victim's written statement constituted newly discovered evidence that would probably change the jury's verdict. He asked the court to set a hearing for the victim to provide testimony. The State opposed the motion, arguing that the evidence was sufficient to support the verdict even without the victim's testimony. The State further asserted that the victim had told his girlfriend and law enforcement that the alleged recantation was coerced through threats of violence. The court set the matter for a one-hour hearing in January 2024.

A week before the hearing, defendant moved for the court to consider testimony from four individuals to whom the victim allegedly disclosed that he had lied at trial. The court denied defendant's motion, explaining that defendant had not explained how such testimony was admissible. It further reasoned that the matter had already been scheduled for a one-hour hearing based on defendant's original motion, which did not mention the proposed witnesses. Finally, it noted that the victim was only one of several witnesses who identified defendant as the perpetrator of the burglary and assault. Defendant moved for reconsideration, arguing that the witnesses were necessary to rebut the State's argument that he had coerced the victim into recanting. The court denied the motion.

At the January 2024 hearing, the victim testified that in November 2023, he was incarcerated on unrelated charges at the same facility as defendant. The victim testified that defendant wrote the recantation and had the victim sign it. At defendant's request, the victim then asked a corrections officer to sign the document. The victim testified that he did not read the document, but defendant told him what it was. The corrections officer testified that the victim signed the document in front of him. The officer was not acting as a notary and did not administer an oath to the victim. He did not ask the victim to confirm the content of the statement, and the victim did not tell him who prepared the statement.

At the conclusion of the hearing, the court denied defendant's motion for a new trial, explaining that it was not reasonably satisfied that the victim's trial testimony was false or that the jury would have reached a different verdict without his testimony. It subsequently sentenced defendant to serve thirteen-to-twenty years. This appeal followed.

Defendant argues that the trial court abused its discretion by excluding the testimony of the four witnesses from the hearing on his second motion for a new trial. He argues that their testimony corroborated the victim's written statement and could have persuaded the court that

2

the victim lied at trial, and that without the victim's testimony the jury probably would have reached a different conclusion.

We conclude that the trial court acted within its discretion. When a defendant moves for new trial based on the alleged recantation of a material witness, the court is required to grant a new trial if:

> (1) the court is reasonably well satisfied that the testimony given by a material witness is false; (2) without that testimony the jury <u>probably</u> would have reached a different conclusion; and (3) the party seeking the new trial was taken by surprise when the false testimony was given or did not know of its falsity until after the trial.

State v. Robillard, 146 Vt. 623, 629 (1986). The second element "is especially difficult for a defendant to show because it requires that a new result is probable, not that it is simply possible." State v. Charbonneau, 2011 VT 57, ¶ 17, 190 Vt. 81.

Accepting for purposes of argument that the proffered hearsay testimony from the four witnesses was admissible and might have persuaded the trial court that the victim lied at trial, defendant still had to show that without [the victim's] testimony, "the jury probably would have reached a different conclusion." Robillard, 146 Vt. at 629 (emphasis omitted). The proposed testimony did not address this factor; it was essentially cumulative of the victim's testimony and the written statement. The victim was only one of several witnesses who identified defendant as the perpetrator of the burglary and assault. Two neighbors identified defendant as the person who kicked in the victim's door based on their own observations, which were corroborated by the video recording. The victim's girlfriend testified that defendant kicked down the door and attacked the victim, leaving him bloody. Thus, even without the victim's testimony, there was ample evidence from which the jury could conclude beyond a reasonable doubt that defendant was the perpetrator of the burglary and the assault. Under these circumstances, the court did not abuse its discretion in excluding the witnesses or denying the motion for a new trial. See Charbonneau, 2011 VT 57, ¶ 21 (affirming trial court's denial of motion for new trial where, even assuming new evidence was credible, substantial other evidence supported jury verdict).

<u>Affirmed</u>.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

3